## THE STATE, GARRET C. SPEAR, ET AL., PROSECUTORS, v. THE CITY OF PERTH AMBOY.

1. The act relative to sales of land under a public statute, or by virtue of any judicial proceeding, approved March 27th, 1874, (*Rev. Stat., p.* 758, § 15,) does not entitle a party, merely because his land has been sold, to take advantage, by *certiorari*, of those objections to municipal proceedings, which, because of his laches, and the consequent expenditure of public moneys for his benefit, he ought, in equity and sound policy, to be estopped from setting up.
2. Commissioners of assessment must be sworn, when the statute under which they are appointed requires it, and their proceedings must show conformity to law, else they will be set aside.

On *certiorari*.

Argued at February Term, 1876, before Justices DEPUE, KNAPP and DIXON.

For the prosecutors, *J. R.* and *N. English*.

For the defendants, *G. C. Ludlow*.

The opinion of the court was delivered by

DIXON, J. The above entitled *certiorari*, together with three other writs, brings up for review the proceedings had touching the regulating and grading of High street, in Perth Amboy, from the Long ferry to Washington street, under two ordinances, one passed in October, A. D. 1867, for establishing the grade; and the other, passed in March, A. D. 1868, for grading the street. Pursuant to these ordinances, the work of grading was completed by the city about Septem-

ber, A. D. 1869. In June, A. D. 1870, the assessment of the expenses was confirmed by the council; and, on December 30th, A. D. 1873, the lands of the prosecutors, assessed for these expenses, were sold for the amount of the assessment and expenses, to the city treasurer, for the use of the city, for the term of fifty years. In February Term, A. D. 1874, the prosecutors sued out their writs.

The first objection urged against the proceedings is, that the council had no power to pass the ordinance of October, 1867, because it was, in fact, an ordinance to alter a grade, and was not applied for by two-thirds of the property owners on the street, as required by the proviso in section thirty-one of the city charter of 1859. *Pamph. L.* 107. This proviso is that, when the grade of any street shall have been established by ordinance, and the work completed, it shall not be altered without application to the city council of two-thirds of the property owners on the street so proposed to be altered. There are, I think, two answers to this objection—

*First*—The state of facts agreed on by the parties shows that, though in 1854 an ordinance was passed providing for the regulation and grading of the street to a fixed grade; and though, under that ordinance, some work was done, yet the work was not (in the language of the proviso) completed; and, unless the work was completed, the establishment or alteration of the grade was not taken out of the general power conferred by the charter upon the council.

*Secondly*—The prosecutors, who, by the state of the case, appear to be all resident along the street improved, cannot be permitted now to urge this objection successfully. Since the ordinance of October, 1867, was passed, they have remained quiescent, while the city was spending its money for their benefit, evidently on the faith of being reimbursed by the land-owners to the extent of their legal liability. The council had jurisdiction over the grading of streets and the imposition of assessments therefor, and if the prosecutors desired to complain of any irregularity in the mode in which such jurisdiction was exercised, they should have made their complaint

with reasonable alacrity, before the public moneys were spent, for their benefit, on the strength of their acquiescence. After that, their complaint must be disregarded, so far as it would interfere with the lawful imposition upon them of an assessment equal to the benefit received. Such is the established policy of the courts. *State, Wilkinson,* v. *Trenton,* 7 *Vroom* 499.

It was urged that because, under the assessment in this case, there had been a sale, therefore, by force of the act of April 2d, 1869, (*Pamph L.* 1238, *Rev. Stat.* 758, § 15,) which provides that the proceedings upon which municipal declarations of sale are founded, shall not be liable to be questioned collaterally, but may be, *at any time,* reviewed by *certiorari,* this objection could now be urged. No case decided since the passage of that act has gone the length of holding that objections to the preliminary proceedings which previously a party would, for reasons of public policy, be estopped from setting up, become available to him under its provisions.

In *State, Evans,* v. *Jersey City,* 6 *Vroom* 381, where the aid of this statute was first invoked, the assessments under the proceedings made therein, were set aside for defects in the report of assessment itself, the prior proceedings being untouched ; and the learned justice who delivered the decision of the court, expressed it as his opinion that the act was not intended to take away the discretion which this court has always used as to the time allowed for relief upon *certiorari.*

In *State, Baxter,* v. *Jersey City,* 7 *Vroom* 188, the court declined to pass upon reasons urged against the proceedings anterior to the assessment, although pressed to do so by the prosecutors, who relied upon this same statute, and contented itself with setting aside the assessment and sale, and even expressed its willingness to entertain an application for the appointment of new commissioners of assessment. In that case, the court said : " The statute does not purport to make valid titles which, on the face of the deeds or declarations of sale, appear to be regular. The question whether there is a legal foundation for the title, is left open, notwithstanding

the recitals, but the litigation of that question is transferred from the judge at the Circuit, in the trial of ejectment, to the Supreme (and, apparently, the Circuit) Court, in a different form of action." "A legal assessment is the foundation of the authority to sell." These expressions, as well as the action of the court, indicate that the case was not intended to establish the propriety, under this statute, of any inquiry beyond the legality of the assessment itself.

In *State, Graham, pros.*, v. *Mayor, &c., of Paterson*, 8 *Vroom* 380, where the delay in applying for the writ had been so great, that the court had limited it to the assessment, on the ground that property owners were estopped from calling in question the legality of proceedings under which, with notice to them, expense had been incurred for their benefit by the public authorities, the court declined to dismiss the writ for such delay, in view of this act, and set aside the assessment for its own defects, to the end that a new assessment might be made. Clearly, if after a new assessment and sale thereon, the parties might obtain a *certiorari*, and set aside the proceedings because of irregularities before the public moneys were expended, the caution of the court in limiting the writ to the assessment, and its provision for a new assessment, were alike futile.

While the provisions of this statute may be of such a character as to prohibit the court from regarding the mere lapse of time as an obstacle in the way of a land-owner's relief by *certiorari* after sale, yet, when by reason of his delay, other circumstances have intervened, which, in equity, ought to estop him from urging objections, the prompt presentation of which would have prevented the expenditure of public moneys for his benefit, this act does not forbid the application of those principles which sound policy has established. The prosecutors in this case must not now be allowed to stand upon any objections which, if sustained, could prevent the imposition of a just assessment.

The other objections urged, pertain to the assessment itself.

State, Spear, pros., v..Perth Amboy.

The thirty-first section of the charter before referred to, enacts, that the expenses of the improvement when completed, and damages, if·any, shall be ascertained and assessed by three impartial commissioners not interested therein, qualified before any justice of the peace of the city, who shall be appointed by the council from the freeholders resident in the city; which commissioners shall examine into the whole matter, and shall determine and report, in writing, to the council, what real estate ought to be assessed for such improvement, and damages allowed, if any, and what proportion of such expenses shall be assessed to each separate parcel or lot of land; provided, that said commissioners, in making such assessment, shall take into consideration the expenses heretofore incurred by the owner or owners of any lot or parcel of land which may have been improved under any ordinance of the said city of Perth Amboy since the year 1852.

The assessment now complained of is fatally defective, because it nowhere appears that the commissioners appointed ever qualified, or that they examined into the whole matter, or took into consideration the expense which, the state of the case shows, had, theretofore, been incurred by the land-owners. under the ordinance of 1854, already mentioned. *State, Bramhall, pros., v. Bayonne*, 6 *Vroom* 476; *State, Townsend, pros., v. Jersey City*, 2 *Dutcher* 444; *State, Hob. L. & I. Co., pros., v. Hoboken*, 7 *Vroom* 291.

Inasmuch as the law provides for making a new assessment where the first is set aside, the writ of *certiorari* must be dismissed, so far as it brings up for review the proceedings prior to the completion of the work, and the subsequent proceedings, including the assessment and sale, must be reversed.